UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

v.

FUNDS IN FIDELITY INVESTMENT
ACCOUNT NO. 637-409820 HELD IN
THE NAME OF RAJENDRA BOTHRA
(APPROXIMATELY $12,195,220.59),
et al.,

          Defendants.

_____/

Case No. 2:19-cv-13558

HONORABLE STEPHEN J. MURPHY, III

## STIPULATED ORDER ENTERING
## CONSENT JUDGMENT AND FINAL ORDER OF FORFEITURE

The parties, by and through undersigned counsel, **STIPULATE** and **AGREE** as follows:

1. On December 3, 2019, the United States of America filed a verified forfeiture complaint (ECF No. 1), pursuant to 18 U.S.C § 981(a)(1)(C) and 21 U.S.C. § 881(a), against the following defendants *in rem*: $19,607.44 U.S Currency in Comerica Bank Account No. 6825289306 in the names of Ronald and Mary Kufner; and

$30,959.44 U.S. Currency in Comerica Bank Account No. 6825289462 in the names of Ronald and Mary Kufner (collectively the "Defendant Currency").

2. The government completed service of the complaint on December 11, 2019, ECF No. 50, and completed online publication of Notice of Forfeiture Action on an

1

official government internet site, (www.forfeiture.gov) on March 7, 2020. (ECF No. 104).

3. On December 16, 2019, Claimants Ronald and Mary Kufner filed a joint claim of interest to the Defendant Currency. (ECF No. 52). These proceedings were subsequently stayed pending the conclusion of related criminal proceedings. (ECF No. 53).

4. In the related criminal proceedings Claimant Ronald Kufner agreed to forfeit his interest in the Defendant Currency to the United States, and further agreed that, at the government's discretion, the forfeiture of his interest would be finalized in these civil forfeiture proceedings or related criminal proceedings. (*U.S. v. Kufner, et. al.*, 18-cr-20800 (EDMI), ECF No. 301, PageID.2222-23 (Rule 11 Plea Agreement)). Following the lifting of a stipulated stay of these proceedings, on July 22, 2022, Claimant Ronald Kufner withdrew his claim. (ECF No. 113)

5. On July 26, 2022, Claimant Mary Kufner filed an Answer to the Complaint for Forfeiture. (ECF No. 114).

6. No other verified claims have been filed in this judicial action with regard to the Defendant Currency, and the time for filing such pleadings has expired.

7. Plaintiff, the United States of America, and Claimant Mary Kufner, by and through her attorney, Steven Fishman, wish to resolve this matter without further litigation and expense.

**NOW THEREFORE**, the parties **STIPULATE** as follows:

8. This action is a civil *in rem* forfeiture action brought against the Defendant Currency pursuant to 18 U.S.C § 981(a)(1)(C) and 21 U.S.C. § 881(a)(6).

9. This Court has jurisdiction and venue over this action pursuant to 28 U.S.C. §§ 1345, 1355, 1391, and 1395.

10. The allegations of the Complaint for Forfeiture are well taken, the United States and its agents had reasonable cause for the seizure of the Defendant Currency, and the position of the United States in this action is substantially justified as provided in 28 U.S.C. § 2412(d)(1)(B).

11. Claimant Mary Kufner **SHALL NOT CLAIM** or seek attorney fees from the United States under the Civil Asset Forfeiture Reform Act, the Equal Access to Justice Act, or any other act, statute or regulation.

12. Acceptance of this settlement by Claimant Mary Kufner does not constitute an admission of liability or an acknowledgement of any wrongdoing whatsoever on the part of the Claimant Mary Kufner.

13. Claimant Mary Kufner hereby **WITHDRAWS** any and all claims she has made to the Defendant Currency, including any administrative claims of interest and petitions for remission or mitigation filed with any agency of the United States.

14. The amount of **$16,666.33** of the Defendant Currency $19,607.44 Funds in Comerica Bank Account No. 6825289306 and **$9,597.43** of the Defendant Currency $30,959.44 Funds in Comerica Bank Account No. 6825289462, for a total of $26,263.76, (hereinafter the "Forfeited Currency") **SHALL BE FORFEITED** to the United States of America pursuant to 18 U.S.C. § 981(a)(1)(C). Further, any right,

title or interest of Claimants Ronald and Mary Kufner in the Forfeited Currency is hereby and forever **EXTINGUISHED**, and clear title to said assets shall hereby be **VESTED** in the United States, and the Federal Bureau of Investigation, the United States Marshals Service, or their delegates, are **AUTHORIZED** to dispose of the Forfeited Currency according to law.

15. The remainder of the funds, **$2,941.11** from Defendant Currency $19,607.44 in Comerica Bank Account No. 6825289306 and **$21,362.01** from Defendant Currency $30,959.44 Funds in Comerica Bank Account No. 6825289462, for a total of $24,303.12, plus any interest that may have accrued on the whole of the Defendant Currency since the time of seizure, ("Returnable Funds"), shall **NOT** be forfeited, but shall be **RETURNED** to Claimant, Mary Kufner, following the entry of this Stipulated Consent Judgment. The Returnable Funds shall be returned less any debt owed to the United States, any agency of the United States, or any other debt that the United States is authorized to collect from Claimant, Mary Kufner, including but not limited to any debts collected through the Treasury Offset Program.

16. Following entry of this Stipulated Consent Judgment, and receipt by the U.S. Attorney's Office of Claimant Mary Kufner's tax identification number and Automated Clearing House information from the attorney for the Claimant, the United States Marshals Service or its delegate shall **DISBURSE** the funds through the Electronic Payment System by means of electronic deposit to attorney Steven Fishman's IOLTA account.

17. Upon entry of this judgment, Claimant Mary Kufner forever **WAIVES**

any appellate rights she may have pertaining to this civil forfeiture action.

18.     Claimant Mary Kufner hereby knowingly and voluntarily **WAIVES** any and all rights to reimbursement by the United States of reasonable attorney fees and litigation costs in connection with this civil forfeiture action under 28 U.S.C. § 2465(b)(1)(A), or any other statute that might conceivably apply.

19.     Claimant Mary Kufner agrees to release, remise, and discharge plaintiff, the United States of America, and any of its agencies involved in this civil forfeiture matter, including the Department of Homeland Security, Federal Bureau of Investigation, the United States Attorney's Office, and their agents, officers and employees, past and present, from all claims or causes of action which Claimant Mary Kufner and her agents, officers, employees, assignees and/or successors in interest have, may have had or may have on account of the events or circumstances giving rise to the above-captioned action.

20.     The parties to this Stipulated Consent Judgment have discussed this settlement with counsel, and fully understand its terms and conditions and the consequences of entering into it. The parties agree that each shall bear their own costs and fees in this matter.

**SO ORDERED.**

s/ Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: December 12, 2022

Dawn N. Ison
United States Attorney

_____
Gjon Juncaj (P63256)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226-3211
(313) 226-0209
gjon.juncaj@usdoj.gov

Dated: December __, 2022

_____
Steven Fishman (P23049)
Attorney for Claimant
Mary Kufner
615 Griswold, Suite #1120
Detroit, MI 48226
(313) 920-2001
sfish66@yahoo.com

Dated: December 7, 2022

_____
Mary Kufner, Claimant

Dated: December 8, 2022